IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE D. LASTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 25-609-CFC ) |
| CHARLES EVANS, *et al.*, | ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

Plaintiff Jermaine D. Laster, who is currently housed at Sussex Correctional Institution (SCI) in Georgetown, Delaware, after being sentenced for a state criminal conviction, filed a Complaint *pro se* and moved for leave to proceed *in forma pauperis*. (D.I. 1, 3.) This Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 5.)

Accordingly, the Complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). At this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in his favor, and asks only whether the Complaint, liberally

construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the Complaint, on March 8, 2025, in or around the A-Quad of the Stan Taylor Building at SCI, Plaintiff had a heated exchange with Defendant Sergeant Charles Evans, which started with Defendant Evans telling Plaintiff and other inmates to tuck in their shirts, and led to Defendant Evans using abusive language directed at Plaintiff, while referencing sensitive facts underlying Plaintiff's crime of conviction, in front of other inmates. (D.I. 3 at 5-6.)

For instance, Defendant Evans said, "I know why you['re] here, you['re] such a b . . . , you couldn't even protect your own daughters," and "You got into a fight and shot a little girl." (*Id.*) At one point during this exchange, Plaintiff asked Defendant Evans for a grievance form, and Defendant Evans denied Plaintiff's request. (*Id.* at 5.) Later that evening, Defendant Sergeant Anthony Palo told Plaintiff that, because of the incident with Defendant Evans, Plaintiff would be moved to the B-Quad. (*Id.* at 6.) Defendant Palo threatened to use pepper spray on Plaintiff if Plaintiff refused to pack up for the move. (*Id.*)

Plaintiff tried to speak with Defendant Lieutenant David Seymore about the situation approximately a week later. (*Id.*) Defendant Seymore stated that he was busy but that Plaintiff had done nothing wrong. (*Id.*) Defendant Seymore

2

acknowledged that Defendant Evans had said "some pretty f . . . up stuff" to Plaintiff and explained that Plaintiff had been removed from Defendant Evans' quad to calm down the situation. (*Id.*)

Plaintiff spoke to several other staff members, not named as Defendants, regarding what Defendants Evans had said and the forced move from A- to B-Quad. (*Id.* at 7.) Plaintiff also spoke with a mental health counselor and submitted a grievance. (*Id.*) The situation continued to upset Plaintiff for over a month, if not longer. (*Id.* at 8.) After Defendant Evans spoke of Plaintiff's criminal conviction in front of other inmates, Plaintiff "felt like [he] had to defend [him]self from other inmates," but the Complaint does not allege any resulting incidents. (*Id.* at 6.)

The Complaint alleges that the foregoing violated Plaintiff's First, Fourth, Eighth, Ninth, Tenth, and Fourteenth Amendment rights. (*Id.* at 5.) Plaintiff seeks compensatory damages for pain and suffering, punitive damages, declaratory judgment, injunctive relief to prevent retaliation, and any other relief this Court deems appropriate. (*Id.* at 9.)

The Complaint names Warden Scott Ceresini as a Defendant, but it does not allege that he had personal involvement in the alleged constitutional violations. "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as*

3

*amended* (May 29, 2003) (internal quotation mark omitted). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). "Section 1983 will not support a claim based on a *respondeat superior* theory of liability." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Since the Complaint does not explain the personal involvement of Defendant Ceresini, and personal involvement is required to establish liability in a § 1983 action, the Complaint fails to state a claim against Defendant Ceresini.

The Complaint also fails to state a claim upon which relief may be granted when it comes to Defendants Palo and Seymore. While the Complaint alleges that Defendants Palo and Seymore were involved in Plaintiff's transfer from A- to B-Quad, "the decision where to house inmates is at the core of prison administrators' expertise," *McKune v. Lile*, 536 U.S. 24, 39 (2002), prisoners have no constitutional right to be housed in a particular prison unit, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), and generally, prisoners do not maintain due process interests in the place of their confinement, *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976).

Additionally, the Complaint does not suggest that the transfer was in retaliation to any constitutionally protected conduct by Plaintiff. *See Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (discussing § 1983 retaliation claims and

4

stating elements). Rather, the alleged statements by Defendant Seymore suggest that the transfer was carried out with Plaintiff's interests in mind, to deescalate the situation involving Defendant Evans. (*See* D.I. 3 at 6.) As such, the Complaint fails to state personal involvement of Defendant Palo and Seymore in any triable wrong, pursuant to 42 U.S.C. § 1983.

Last, the Complaint fails to state a claim on which this Court may grant relief when it comes to Defendant Evans. Without condoning the alleged conduct, the facts alleged do not rise to the level of a plausible constitutional violation. While the Complaint alleges that Defendant Evans used offensive and abusive language, without more, this does not violate Plaintiff's constitutional rights; a "prisoner's allegations of verbal harassment, unaccompanied by another injury, are not cognizable under § 1983." *Sears v. McCoy*, 815 F. App'x 668, 670 (3d Cir. 2020).[1]

Likewise, Defendant Evans' alleged references to the facts underlying Plaintiff's criminal conviction do not appear to rise to the level of a constitutional violation. Certain statements by a corrections officer to other inmates can violate a

---

[1] *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (abrogated on other grounds); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989).

5

prisoner plaintiff's constitutional rights under certain circumstances; specifically, "[t]his Court has recognized the serious implications of being labeled a 'snitch' in prison," and found that where a corrections officer incites others to harm a prisoner by identifying him as a snitch, it may implicate the Eighth and Fourteenth Amendment. *Shockley v. McCarty*, 677 F. Supp. 2d 741, 746 (D. Del. 2009) (listing cases in support). Nothing alleged here suggests that the statements of Defendant Evans so qualify.

Nor does Defendant Evans denial of Plaintiff's request for a grievance form rise to the level of a constitutional violation. A "prisoner has no free-standing constitutional right to an effective grievance process," *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011), and the facts alleged do not suggest that the refusal to provide a grievance form was in retaliation to constitutionally protected conduct, *see generally Wisniewski*, 857 F.3d at 156.

As such, the Complaint fails to state a claim against either Defendant Evans, or any other named Defendant. Accordingly, the Complaint will be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Dismissal will be without prejudice, and Plaintiff will be granted the opportunity to amend his pleading and correct the deficiencies discussed above, if appropriate.

Finally, Plaintiff has filed a motion to appoint counsel to represent him. (D.I. 6.) The Court will deny that motion without prejudice to renew at a later stage of this case. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel, *see Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), but this Court may request an attorney to represent any person unable to afford counsel, pursuant to 28 U.S.C. § 1915(e)(1). This Court may, in its discretion, request counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154 (internal citation omitted).

Plaintiff's motion to appoint counsel does not sufficiently establish a likelihood of substantial prejudice that would warrant exercise of this Court's discretionary power to appoint counsel. (*See* D.I. 6.) No arguably meritorious claim has yet been presented, this case does not appear to involve complex legal issues, and Plaintiff has demonstrated sufficient ability to present the case for screening purposes. As such, without reaching other factors for consideration, *see Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (quoting *Tabron*, 6 F.3d at 155-57), this Court will decline to appoint counsel at this stage of the case.

7

NOW THEREFORE, at Wilmington on this Nineteenth day of August in 2025, it is HEREBY ORDERED:

1. Defendant Warden Scott Ceresini is **TERMINATED** as a party to this civil action.

2. The Complaint (D.I. 3) is **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

3. Plaintiff's motion to appoint counsel (D.I. 6) is **DENIED** without prejudice to renewal at a later stage of this case.

4. Plaintiff is **GRANTED** leave to file an amended complaint, in accordance with this Memorandum Order, **on or before September 23, 2025**.

5. **Filing an amended complaint that fails to state a claim may result in dismissal with prejudice. Alternatively, if no amended complaint is filed, this case will be closed.**

                                                                  _____
                                                                          Chief Judge