IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JERMAINE D. LASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 25-609-CFC |
| | ) | |
| CHARLES EVANS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

*Pro se* Plaintiff Jermaine D. Laster, currently serving a sentence for a state criminal conviction at Sussex Correctional Institution (SCI) in Georgetown, Delaware, has filed an amended complaint. (D.I. 13.) The amended complaint is subject to the Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court accepts the facts alleged as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the amended complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

I.  **DISCUSSION**

The Court assumes familiarity with the August 19, 2025 Memorandum Order (D.I. 8), which screened the original complaint (D.I. 3) and dismissed it for failure to state a claim. Upon review and consideration, the Court finds that the amended complaint (D.I. 8) does not cure the deficiencies in the original complaint (D.I. 3). Accordingly, the amended complaint will also be dismissed for failure to state a claim. Plaintiff will be given one last opportunity to file a second amended complaint stating a claim upon which the Court may grant relief.

A.  Defendant Anthony Palo

The original complaint failed to suggest a § 1983 claim against Defendant Anthony Palo because it merely alleged that Defendant Palo was involved in transferring Plaintiff from A- to B-Quad. (*See* D.I. 8 at 4-5.) The amended complaint now asserts that Defendant Palo "advised [Plaintiff] during [Plaintiff's] grievance procedure [that Defendant Palo] would e[n]sure [Plaintiff's] stay would be hard at [SCI]." (D.I. 13 at 2.)

Without condoning the foregoing, more is needed to suggest a § 1983 claim. "Verbal abuse of a prisoner, even of the lewd variety, is not actionable under 42 U.S.C. § 1983"; likewise, "allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983."

*Robinson v. Danberg*, 729 F. Supp. 2d 666, 679 (D. Del. 2010). Plaintiff will be granted one final opportunity to amend the claim above to explain the following: (1) whether Plaintiff believed that Defendant Palo was threatening him because he had filed a grievance, and if so, what specifically caused Plaintiff to believe this; (2) whether Defendant Palo "made good" on his threat in any way, and if so, specifically how; and (3) what impact this had, if any, on how Plaintiff navigated the grievance process and handled other grievable incidents.

    B.    <u>Defendant Charles Evans</u>

The original complaint failed to suggest a § 1983 claim against Defendant Charles Evans because, as discussed above, a mere threat by correctional officer to an inmate does not suggest a § 1983 claim. (*See* D.I. 8 at 5.) Further, Defendant Evans' denial of a grievance form did not suggest a § 1983 claim without more. (*See id.* at 6.) Additionally, Defendant Evans' statements regarding the facts underlying Plaintiff's criminal conviction did not appear to incite others to harm Plaintiff, such as when an inmate is labeled a snitch or sex offender. (*See id.* at 5-6.) The amended complaint newly alleges that, during the heated exchanged between Defendant Evans and Plaintiff on March 8, 2025, when Plaintiff asked for a grievance form, Defendant Evans responded, "why so you could (snitch) on me [sic]." (D.I. 13 at 2.)

3

More is needed to suggest a § 1983 claim. Plaintiff will be granted a final opportunity to amend the claim above to explain the following: (1) whether Plaintiff believes that Defendant Evans' statement above caused Plaintiff to be labeled as a snitch, and if so, what specifically has caused Plaintiff to believe this; and (2) whether Plaintiff believes Defendant Evans' statement incited others to harm Plaintiff, and if so, what specifically occurred.

C. Defendant David Seymore

Third, the Court found that the original complaint failed to suggest a § 1983 claim against Defendant David Seymore because it merely alleged that Defendant Seymore, like Defendant Palo, was involved in transferring Plaintiff from A- to B-Quad. (*See* D.I. 8 at 4-5.) The amended complaint now asserts that Defendant Seymore told Plaintiff, "[Y]eah[,] I know [Defendant Evans] said some fucked up shit to you[,] but we are all human," which Plaintiff believed to be a threat. (D.I. 13 at 2.) The foregoing suggests no discernable threat, and even if it was threatening, that would not be enough to suggest a § 1983 claim, as discussed above. *See Robinson*, 729 F. Supp. 2d at 679.

The amended complaint also asserts that Plaintiff was punched by another inmate, and Defendant Seymore "told [Plaintiff] he would review the camer[a] footage to no avail[;] nothing was done." (D.I. 13 at 2.) This new allegation

suggests negligence on Defendant Seymore's part, at most, which is not sufficient for § 1983 liability generally. *See Daniels v. Williams*, 474 U.S. 327, 331-34 (1986). Additionally, the amended complaint asserts that Defendant Seymore scheduled two correctional officers "to pull [Plaintiff] for [his] visit with mental health and medical staff" after Plaintiff was punched by another inmate. (D.I. 13 at 3.) This suggests that Defendant Seymore was responsive to Plaintiff reporting that he had been punched by another inmate. Based on the allegations in the original and amended complaints, further amendment appears futile for claims asserted against Defendant Seymore.

## II.   CONCLUSION

In sum, the amended complaint fails to state claims against Defendants Evans, Palo, and Seymore. In an abundance of caution, Plaintiff will be granted one final opportunity to amend his pleading and cure its deficiencies, in accordance with this Memorandum Order.

Based on the foregoing, it is HEREBY ORDERED that the amended complaint (D.I. 13) is **DISMISSED**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), without prejudice to Plaintiff filing a second amended complaint **on or before January 30, 2026**.

January 5, 2026

_____
Chief Judge